UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH READUS                                      PETITIONER

VERSUS                                   CIVIL ACTION NO. 3:18CV621-HSO-RHW

HAROLD TAYLOR                                    RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Kenneth Readus filed a 28 U.S.C. § 2254 petition for writ of habeas corpus requesting that this Court determine whether he is entitled to parole eligibility under Mississippi law. Doc. [1] [8]. On April 8, 2004, a jury convicted Readus of aggravated assault and murder. Doc. [12-1]. The Circuit Court of Madison County sentenced him to a term of life in prison for the conviction of murder with a concurrent 20-year prison term for aggravated assault. *Id.* On April 22, 2008, the Mississippi Court of Appeals affirmed Readus' conviction and sentence. *Readus v. State of Mississippi*, 997 So.2d 941 (Miss.Ct.App. 2008); Doc. [12-2]. By order dated August 24, 2015, the trial court declined to recommend to the parole board that Readus be eligible for parole. Doc. [12-8].

Readus previously filed a federal habeas petition challenging his conviction and sentence, which was dismissed with prejudice as untimely filed. *See Readus v. Sparkman*, Civil Action No. 3:10CV442 (S.D.Miss. 2010). In the instant petition, Readus does not directly challenge the constitutionality of his conviction and sentence. Rather, he argues that he received an "illegal sentence" because the trial court sentenced him to life without parole as opposed to life with parole. He requests this Court determine the "proper sentence" for murder under Mississippi law. Doc. [1] at 14. He also seeks an order directing that the "parole board grant petitioner a hearing and have his time sheet updated to show petitioner's parole date." Doc. [8] at 8.

Respondent has filed a motion to dismiss arguing that Readus' petition fails to state a cognizable claim for federal habeas relief.  Doc. [12].

## Law and Analysis

To maintain a petition for habeas corpus pursuant to § 2254, Readus must allege that he has been "deprived of some right secured to him by the Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984).  Readus' petition merely challenges a state court's interpretation of state law.  He requests a federal court to interpret Mississippi criminal law and impose the "proper sentence" for murder.  He further requests a federal court to direct the Mississippi Parole Board to grant him a parole hearing.  Federal habeas law does not concern itself with the interpretation of state law.  *Wansley*, 769 F.3d 309, 312 (5th Cir. 2014) ("[a] petition for federal *habeas corpus* relief based on any argument that state courts are incorrectly applying their own law thus is not a basis for relief.").  To the extent Readus asserts the trial judge misinterpreted state law by declining to recommend him for parole eligibility, he does not identify a federal constitutional violation.

Readus also fails to identify a liberty interest.  Parole in Mississippi is purely discretionary.  Section 47-7-1, *et seq.*, gives the Parole Board sole discretion to award parole.  The Mississippi Supreme Court has held that "a prisoner has no automatic entitlement to parole…the possibility of parole provides no more than a mere hope that the benefit will be obtained." *Davis v. State of Mississippi*, 429 So.2d 262, 263 (Miss. 1983).  The Fifth Circuit has held that a Mississippi inmate has "no constitutionally recognized liberty interest" in parole and no liberty interest in a parole hearing.  *Wansley*, 769 F.3d at 312-13; *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987).  The Northern District of Mississippi further clarified that even inmates eligible for parole can only hope to be granted this privilege, but this

hope is not a liberty interest protected by due process. *Davis v. Johnson*, 205 F. Supp. 2d 616, 619 (N.D.Miss. June 20, 2002). Petitioner has no liberty interest in parole or in a parole hearing; therefore, his petition fails to state a claim of constitutional magnitude.

Even under Mississippi law, Readus' petition fails. An inmate's eligibility for parole is determined by Mississippi law. *See* Miss. Code Ann. § 47-7-3. By its unambiguous terms, Mississippi's parole statute states that only offenders convicted of nonviolent crimes may be eligible for parole. § 47-7-3(1)(f). The statute defines "nonviolent crime" to exclude homicide and aggravated assault. *Id.* Moreover, Miss. Code Ann. § 97-3-2(b) defines murder as a crime of violence. Readus was convicted of murder and aggravated assault; therefore, he would be ineligible for parole under state law.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [12] Motion to Dismiss be GRANTED and that Kenneth Readus' 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination

by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED AND ADJUDGED, this the 22nd day of November 2019.

    /s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE