IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| KENNETH READUS | § | PETITIONER |
|---|---|---|
| | § | |
| v. | § | Civil No. 3:18cv621-HSO-RHW |
| | § | |
| HAROLD TAYLOR | § | RESPONDENT |

**ORDER OVERRULING PETITIONER'S [16] OBJECTION TO THE MAGISTRATE JUDGE'S [15] PROPOSED FINDINGS OF FACT AND RECOMMENDATION; ADOPTING MAGISTRATE JUDGE'S [15] PROPOSED FINDINGS OF FACT AND RECOMMENDATION; GRANTING RESPONDENT'S [12] MOTION TO DISMISS; AND DISMISSING [1], [8] PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**

This matter comes before the Court on Petitioner Kenneth Readus's Objection [16] to the Proposed Findings of Fact and Recommendation [15] of United States Magistrate Robert H. Walker, recommending that Respondent Harold Taylor's Motion to Dismiss [12] be granted and that Petitioner Kenneth Readus's Petition for Writ of Habeas Corpus [1], [8] be dismissed with prejudice.

After due consideration of the Motion, the Proposed Findings of Fact and Recommendation [15], Petitioner's Objection [16], the record, and relevant legal authority, the Court finds that Petitioner's Objection [16] should be overruled, that the Magistrate Judge's Proposed Findings of Fact and Recommendation [15] should be adopted, that Respondent's Motion to Dismiss [12] should be granted, and that the Petition for Writ of Habeas Corpus [1], [8] should be dismissed with prejudice.

## I. BACKGROUND

A. Factual Background

On or about April 8, 2004, Petitioner Kenneth Readus ("Petitioner" or "Readus") was found guilty by a jury in the Circuit Court of Madison County, Mississippi (the "Circuit Court"), of the charges of murder in violation of Mississippi Code § 97-3-19(1), and aggravated assault in violation of Mississippi Code § 97-3-7(2)(b). *See* R. [13-8] at 121-22; R. [13-1] at 7, 35-36; *see also* Miss. Code Ann. §§ 97-3-19(1) (2000) & 97-3-7(2)(b) (2002). Petitioner was sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections ("MDOC") on the murder conviction, and a term of 20 years imprisonment on the aggravated assault conviction, to run concurrently with the life sentence imposed on the murder conviction. *See* R. [13-8] at 122-23; *see also* R. [13-1] at 7 (Indictment). There was no mention of parole in the trial court's sentence.

Petitioner appealed his conviction, but on April 22, 2008, the Mississippi Court of Appeals affirmed the trial court. *See* R. [13-9] at 31-39. Petitioner subsequently sought post-conviction collateral relief, which was denied by the Mississippi Supreme Court on July 21, 2010. *See* R. [13-10] at 4. Petitioner then filed a federal habeas corpus petition in this Court on August 11, 2010, challenging his convictions and sentences, which was dismissed with prejudice as untimely filed. *See Readus v. Sparkman*, No. 3:10cv442, Order [7] (S.D. Miss. Dec. 16, 2010).

B. Procedural history

On August 15, 2018, Petitioner signed a second Petition [1] under 28 U.S.C. §

2254 seeking a writ of habeas corpus from this Court, which was filed of record on September 6, 2018. Pet. [1] at 1-15. The new Petition does not directly challenge the constitutionality of Petitioner's convictions, but he asserts that the state court illegally sentenced him to life in prison without parole. *See id.* at 2.

On November 2, 2018, the Magistrate Judge entered an Order [7] requiring Petitioner to file proper forms as required by Rule 2(d) of the Rules Governing Section 2254 Proceedings for the United States District Courts, and to properly name the Respondent. *See* Order [7] at 1-2. Petitioner then filed a Petition [8] raising two grounds for relief – (1) violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution on grounds that he was denied parole without authority of law; and (2) violation of the Due Process Clause of the Fifth Amendment because "the only way Petitioner can loss [sic] his parole eligibility is through serious misconduct." Pet. [8] at 6.

Respondent Harold Taylor ("Respondent") filed a Motion to Dismiss [12], arguing that Petitioner's claim for parole eligibility fails to state a claim of constitutional magnitude and is precluded from habeas review pursuant to 28 U.S.C. § 2254. *See* Mot. [12] at 6-10. Alternatively, Respondent contends that the Petition is untimely. *See id.* at 10-11.

The Magistrate Judge entered a Proposed Findings of Fact and Recommendation [15] that the Petition should be dismissed because it merely challenges a state court's interpretation of state law and fails to identify a liberty interest. *See* R. & R. [15] at 2-3. The Magistrate Judge further found that, even

3

under Mississippi law, the Petition fails because under state law Petitioner is ineligible for parole. *See id.* at 3. The Magistrate Judge recommended that the Respondent's Motion to Dismiss be granted and that the Petition be dismissed with prejudice. *See id.*

Petitioner has submitted an Objection [16] to the Magistrate Judge's Proposed Findings of Fact and Recommendation [15], and repeats his argument that the Mississippi Court of Appeals incorrectly interpreted Mississippi Code § 47-7-3, which did not go into effect until July 1, 2014, and that he was only required to serve 10 years before becoming eligible for parole. *See* Obj. [16] at 3, 5. Petitioner also contends that "good time" is not to be forfeited except for serious misbehavior. *See id.* at 4. According to Petitioner, Mississippi's parole statute cannot enhance his life sentence, and he claims that this purported increase of his sentence violates the Ex Post Facto Clause of the United States Constitution. *See id.* at 7. Petitioner maintains that because he was not a habitual offender under Mississippi law, a sentence without parole is not appropriate. *See id.* at 8.

## II. DISCUSSION

A. Standard of review

Because Petitioner has filed a written Objection to the Magistrate Judge's Proposed Findings of Fact and Recommendation [15], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts.

4

"Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark*, Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

28 U.S.C. § 2254(a) provides in relevant part that

> a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). "Errors of state law and procedure are not cognizable unless they resulted in the violation of a federal constitutional right." *Pena v. Scott*, 33 F.3d 1378, 1994 WL 486961, *1 (5th Cir. 1994).

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge and will adopt the Proposed Findings of Fact and Recommendation.

B. <u>Analysis</u>

1. <u>Petitioner's assertion that the state court incorrectly applied state law</u>

Petitioner insists that "[t]he Court of Appeals' interpretation of Sec. 47-7-3 is incorrect because the statute does not abolish parole." Obj. [16] at 3. However, a federal court may issue a writ of habeas corpus only if a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition for federal habeas corpus relief based on an argument that a state's courts incorrectly applied the state's own law is not a basis for habeas relief.

*See Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). In this case, the state court interpreted Mississippi's laws and concluded that Petitioner was not eligible for parole. To the extent Petitioner asserts that the state court misinterpreted Mississippi law, he has not identified a violation of the Constitution. *See id.*

2. Petitioner's ex post facto claim

Article I, Section 9, Clause 3 of the Constitution prohibits ex post facto laws. *See* U.S. Const. art. I, § 9, cl. 3. "A law violates the Ex Post Facto Clause if it is 'retrospective,' that is, it 'appl[ies] to events occurring before its enactment,' and it 'disadvantage[s] the offender affected by it.'" *Price v. Warden*, 785 F.3d 1039, 1042 (5th Cir. 2015) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)); *see also Collins v. Youngblood*, 497 U.S. 37, 41 (1990) ("the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them").

A statute violates the Ex Post Facto Clause if it retroactively implements a change in the definition of an individual's crime or increases the punishment attached to that crime. *See Wallace v. Quarterman*, 516 F.3d 351, 354 (5th Cir. 2008) (quotation omitted).

> [T]he focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of disadvantage, nor . . . on whether an amendment affects a prisoner's opportunity to take advantage of provisions for early release, . . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.

*California Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n.3 (1995).

6

In this case, it appears that Petitioner is arguing that an amendment to Mississippi Code § 47-7-3, which became effective July 1, 2014, violated the Ex Post Facto Clause because it interfered with his ability to be eligible for parole on his pre-2014 convictions. Obj. [16] at 5. The relevant substantive amendment to the statute in 2014 consisted of the addition of § 47-7-3(1)(g) (2014) regarding parole release. However, by its plain terms, that paragraph only applies to persons convicted on or after July 1, 2014, *see* Miss. Code Ann. § 47-7-3)1(g) (2014), and thus does not apply to Petitioner.

Instead, Mississippi Code § 47-7-3(1)(g) (2002), which was changed to § 47-7-3(1)(f) effective July 1, 2014, "essentially outlawed parole for all prisoners" convicted after June 30, 1995. *Culbert v. Bryant*, No. 3:19-CV-419-DPJ-FKB, 2020 WL 836837, at *1 n.2 (S.D. Miss. Feb. 20, 2020). At the time of Petitioner's conviction in 2004, Mississippi Code § 47-7-3(1)(g) provided that,

> *[n]o person shall be eligible for parole who is convicted* or whose suspended sentence is revoked *after June 30, 1995, except that a first offender convicted of a nonviolent crime after January 1, 2000, may be eligible for parole* if the offender meets the requirements in subsection (1) and this paragraph . . . . For purposes of this paragraph, "nonviolent crime" means a felony other than *homicide*, robbery, manslaughter, sex crimes, arson, burglary of an occupied dwelling, *aggravated assault*, kidnapping, felonious abuse of vulnerable adults, felonies with enhanced penalties, the sale or manufacture of a controlled substance under the Uniform Controlled Substances Law, and felony child abuse.

Miss. Code Ann. § 47-7-3(1)(g) (2002) (emphasis added). Therefore, Petitioner was not eligible for parole at the time he was convicted of murder and aggravated assault in 2004, *see id.*, and no amendment to the statute in 2014 changed this result. Petitioner was still not entitled to parole under Mississippi law, and he

7

cannot show that Mississippi's enactment violated the Ex Post Facto Clause. *See Price*, 785 F.3d at 1042.

Moreover, parole in Mississippi is purely discretionary. *See, e.g., Davis v. State,* 429 So. 2d 262, 263 (Miss. 1983) ("A prisoner has no automatic entitlement to parole," and "[t]hat the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained."); *see also Shields v. State*, 223 So. 3d 809, 812 (Miss. Ct. App. 2017) (citing Miss. Code Ann. § 47-7-3). The Fifth Circuit has held that prisoners in Mississippi "have no liberty interest in parole." *Wansley*, 769 F.3d at 312. The Fifth Circuit has also concluded that "changes to discretionary parole guidelines do not have ex post facto implications." *Wallace*, 516 F.3d at 355. The denial of parole is a state issue, and not a federal one, and as such, Plaintiff's allegations do not raise a cognizable claim for federal habeas relief. *See Wansley*, 769 F.3d at 312-13.

3. <u>Any new grounds raised in the Objection</u>

Petitioner's Objection [16] appears to make a new argument about "good time" credits. According to the Fifth Circuit, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). To the extent Petitioner impliedly seeks leave to amend to add this new claim, any such request should be denied under the specific facts and circumstances in this case. *See, e.g., Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) (holding that an equal-protection claim would not be considered because it was raised for the first time in

8

the petitioner's objections to the magistrate judge's report and recommendation, and the district court did not abuse its discretion in implicitly denying him leave to amend). The Court will not consider this new issue interjected for the first time in Petitioner's Objection [16].

Even if the Court considered Petitioner's "good time" credits argument, he has not asserted that his failure to receive parole was based upon any revocation of "good time" credits. As Respondent aptly states, "to the extent such argument is properly before this Court at this juncture, the lack of a parole eligibility date does not involve the loss or forfeiting of any 'credit' to warrant a due process analysis." Notice [17] at 1 n.1. Plaintiff's allegation regarding "good time" credits raises no cognizable claim for federal habeas relief.

### III. CONCLUSION

The Court will overrule Petitioner's Objection [16], adopt the Magistrate Judge's Proposed Findings of Fact and Recommendation [15] as the opinion of this Court, grant Respondent's Motion to Dismiss [12], and dismiss the Petition for Writ of Habeas Corpus with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Kenneth Readus's Objection [16] to the Proposed Findings of Fact and Recommendation [15] of United States Magistrate Robert H. Walker is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Proposed Findings of Fact and Recommendation [15] of United States Magistrate Robert H.

Walker is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Harold Taylor's Motion to Dismiss [12] is **GRANTED,** and Petitioner Kenneth Readus's Petition for Writ of Habeas Corpus [1], [8] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 17th day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE